UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE  DIVISION

| | | |
|---|---|---|
| THEODORE BREWER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:04-cv-085-LJM-WTL |
| | ) | |
| DAVE BREWER, | ) | |
| Defendant. | ) | |

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendant's, Dave Brewer ("Defendant"), Motion for Summary Judgment.  Plaintiff, Theodore Brewer ("Brewer"), filed this action seeking relief under 42 U.S.C. § 1983 for an alleged violation of the Equal Protection Clause of the Fourteenth Amendment.  The parties have fully briefed this matter and it is now ripe for ruling.

For the reasons stated herein, the Court **DENIES** Defendant's Motion for Summary Judgment.

## I.  BACKGROUND

Brewer is a prisoner confined at the Wabash Valley Correctional Facility ("Wabash Valley"). He was employed at the Wiring Harness Shop at Wabash Valley in June 2002.  At that time, Defendant was the Plant Manager for PEN Products at Wabash Valley and oversaw production at the Wiring Harness Shop.  Decl. of David Brewer, ¶ 2.  Brewer alleges that he was terminated from his position at the Wiring Harness Shop on either June 21, 2002, or July 3, 2002.[1]  Am. Comp. at 5;

---

[1]  Brewer's Amended Complaint states that he was terminated on June 21, 2002, while his supporting memorandum in response to the motion for summary judgment indicates that the date was July 3, 2002.

Memo. in Support of Resp. to Mot. for Summ. J. at 1.

Several prisoners were terminated from the Wiring Harness Shop near the same time that Brewer was terminated for the production of defective harnesses.  Decl. of David Brewer, ¶¶ 3-4. According to Defendant, he was informed that Brewer made disruptive comments around the time that these other prisoners were being terminated.  Decl. of David Brewer, ¶ 4.  Although Brewer contends that this comments were meant as a joke, Defendant believed that the comments could cause disciplinary problems, and therefore Defendant directed that Brewer be terminated as well. Decl. of David Brewer, ¶¶ 5-7.  Brewer has not been rehired.

Brewer asserts that Defendant had a discriminatory intent when he ordered Brewer's termination.  Am. Comp. at 3.  He contends that he has been treated differently than Caucasian prisoners.  Am. Comp. at 5-7; Affirm. of Darryl Maxwell; Report prepared by Tricia May.  In particular, Brewer alleges that a Caucasian prisoner who was terminated for the same reason, *i.e.*, comments deemed disruptive, was rehired.  Memo. in Support of Resp. to Mot. for Summ. J. at 2-4; Affirm. of Darryl Maxwell.

## II.  SUMMARY JUDGMENT STANDARD

Motions for summary judgment are governed by Rule 56(c) of the Federal Rules of Civil Procedure, which provides in relevant part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Once a party has made a properly-supported motion for summary judgment, the opposing party may not simply rest upon the pleadings but must instead submit evidentiary materials which "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 997 (7th Cir. 1996), *cert. denied*, 520 U.S. 1116 (1997). It is not the duty of the court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which he relies. *See Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996). When the moving party has met the standard of Rule 56, summary judgment is mandatory. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Shields Enters., Inc. v. First Chicago Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992).

In evaluating a motion for summary judgment, a court should draw all reasonable inferences from undisputed facts in favor of the nonmoving party and should view the disputed evidence in the light most favorable to the nonmoving party. *See Estate of Cole v. Fromm*, 94 F.3d 254, 257 (7th Cir. 1996), *cert. denied*, 519 U.S. 1109 (1997). The mere existence of a factual dispute, by itself, is not sufficient to bar summary judgment. Only factual disputes that might affect the outcome of the suit in light of the substantive law will preclude summary judgment. *See Anderson*, 477 U.S. at 248; *JPM Inc. v. John Deere Indus. Equip. Co.*, 94 F.3d 270, 273 (7th Cir. 1996). Irrelevant or unnecessary facts do not deter summary judgment, even when in dispute. *See Clifton v. Schafer*, 969

3

F.2d 278, 281 (7th Cir. 1992). "If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party." *Ortiz v. John O. Butler Co*., 94 F.3d 1121, 1124 (7th Cir. 1996), *cert. denied*, 519 U.S. 1115 (1997).

## III. <u>DISCUSSION</u>

Because Brewer does not present direct evidence of discrimination, he must proceed under the indirect, burden-shifting method outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Under the *McDonnell Douglas* framework, Brewer has the burden of demonstrating, by a preponderance of the evidence, a *prima facie* case of race discrimination. *Id.* If Brewer makes a showing sufficient to prove a *prima facie* case, he will enjoy a rebuttable presumption of discrimination that shifts the burden of production to Defendant to articulate a "legitimate, nondiscriminatory reason" for his actions. *See Freeman v. Madison Metro. Sch. Dist.*, 231 F.3d 374, 379 (7th Cir. 2000). Defendant may do so by producing evidence, whether or not persuasive, of a nondiscriminatory reason. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (1993) (noting that the plaintiff retains the ultimate burden of persuasion on the issue of intentional discrimination). If Defendant succeeds in this task, the presumption dissolves and the burden of production shifts back to Brewer to demonstrate that the proffered reason for the adverse employment action is a pretext for discrimination. *Id*. at 507-08; *Essex v. United Parcel Serv., Inc.*, 111 F.3d 1304, 1309 (7th Cir. 1997).

4

## A.  HAS BREWER HAS PRESENTED A *PRIMA FACIE* CASE?

The parties contest whether Brewer has set forth a *prima facie* case.  In order to establish a *prima facie* case of an equal protection violation, Brewer must demonstrate that he: (1) is a member of a protected class; (2) similarly situated to members of an unprotected class; (3) suffered an adverse employment action; and (4) was treated differently from members of the unprotected class. *Williams v. Seniff*, 342 F.3d 774, 788 (7th Cir. 2003).

While Defendant contends that he did not decide to terminate Brewer on the basis of race, Defendant does not present any evidence to dispute the elements of a *prima facie* case, particularly the fourth element.  Though not compelling, the Court concludes that Brewer has set forth sufficient information to survive Defendant's motion for summary judgment.  Brewer has alleged that he was treated differently than a Caucasian prisoner who was rehired in the Wiring Harness Shop after being terminated for the exact same reason that Brewer was terminated.  Memo. in Support of Resp. to Mot. for Summ. J. at 2-4; Affirm. of Darryl Maxwell.  Defendant has not demonstrated that the Caucasian was not similarly situated nor presented any evidence to explain the seemingly different treatment.  On the basis of the facts before the Court, a reasonable fact finder could conclude that Defendant subjected Brewer to different treatment than his Caucasian counterparts.  Therefore, Brewer has satisfied his burden with respect to the *prima facie* test under the burden-shifting framework of *McDonnell Douglas*.

## B.  PRETEXT ANALYSIS

Because Brewer has established her *prima facie* case, the burden shifts to Defendant to come forward with evidence of a legitimate and non-discriminatory reason for the employment decision.

*See Freeman*, 231 F.3d at 379.  Defendant maintains that the decisions were not racially-motivated and that Brewer was terminated because of concerns that his comments could create disciplinary problems.  Reply in Support of Mot. for Summ. J. at 3; Decl. of David Brewer, ¶¶ 4-7, 9.  Brewer does not dispute the reason given for his termination but insists that he was subjected to discrimination because he was not rehired, a contention for which Defendant has failed to offer any explanation.  Thus, it is not clear that Defendant has met his burden to present a legitimate, non-discriminatory reason for the employment decision.  However, even if the Court assumes that the rationale given is sufficient to dissolve the  inference of discrimination, Defendant would still not be entitled to summary judgment.  This is because Brewer's evidence could establish that the proffered reason is false and a pretext for discrimination.

Pretext means more than a mistake on the part of the employer; it means "a lie, specifically a phony reason for some action."  *Russell v. Acme-Evans Co.*, 51 F.3d 64, 68 (7th Cir. 1995).  In other words, a plaintiff bears the burden of showing that the employer's reason for the adverse employment action was a lie or had no basis in fact.  *See Crim v. Bd. of Ed. of Cairo Sch. Dist. No. 1*, 147 F.3d 535, 541 (7th Cir. 1998).  In order to show pretext, a plaintiff must present evidence showing that Defendant's proffered reason was: (1) factually baseless; (2) not the actual motivation for the discharge; or (3) were insufficient to motivate the discharge. *See Nawrot v. CPC, Int'l.*, 277 F.3d 896, 906 (7th Cir. 2002) (citation omitted).  These formulations are simply different ways of recognizing that when the sincerity of an employer's asserted reasons for discharging an employee are cast into doubt, a fact finder may reasonably infer that unlawful discrimination was the true motivation.  *See Testerman v. EDS Tech. Prod. Corp.*, 98 F.3d 297, 303 (7th Cir. 1996) (citation omitted).  "If the employee offers specific evidence from which the finder of fact may reasonably

infer that the proffered reasons do not represent the truth, the case then turns on the credibility of the witnesses." *Collier v. Budd Co.*, 66 F.3d 886, 893 (7th Cir. 1995).  In such circumstances, the employee creates "a factual issue as to whether the employer's explanation is credible or merely a pretext for discrimination." *Dey v. Cold Const. & Devel. Co*, 28 F.3d 1446, 1461 (7th Cir. 1994).

Here, Brewer has alleged that a similarly situated Caucasian prisoner was treated differently because he was rehired after being terminated for the exact same reason that Brewer was terminated. A showing of more favorable treatment to a similarly situated employee of a different racial group can serve as evidence that an employer's proffered legitimate, nondiscriminatory reason for the adverse job action was a pretext for racial discrimination.  *See Gordon v. United Airlines, Inc.*, 246 F.3d 878, 892 (7th Cir. 2001) (*quoting Graham v. Long Island R.R.*, 230 F.3d 34, 43 (2nd Cir. 2000)); *Appelbaum v. Milwaukee Metro. Sewerage Dist.*, 340 F.3d 573, 580 (7th Cir. 2003) (observing that pretext could be inferred from the disparate way in which a plaintiff in an ADEA case was disciplined as compared to those similarly situated).[2]  Therefore, at a minimum, Brewer has established an issue of fact regarding pretext by providing evidence from which a reasonable fact finder could conclude that Defendant treated similarly situated Caucasian employees more favorably. The case therefore turns on a issue of credibility, and a grant of summary judgment in favor of Defendant would be inappropriate.

---

[2]  The same standards for proving discrimination apply in ADEA cases, Title VII cases, and equal protection cases.  *See Williams*, 342 F.3d at 788 n. 13 (noting that same standards apply to both Title VII and section 1983 cases); *Visser v. Packer Eng'g Assoc., Inc.*, 924 F.2d 655, 658 (7th Cir. 1991) (en banc) (noting that same standards apply to both Title VII and ADEA cases).

## IV.  **CONCLUSION**

Plaintiff, Theodore Brewer, has presented sufficient evidence from which the Court could find a genuine issue of material fact on his allegations.  Therefore, the Court **DENIES** Defendant's, Dave Brewer, Motion for Summary Judgment.

IT IS SO ORDERED this 15th day of March, 2006.

LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed via U.S. Postal Service to:

THEODORE BREWER
977031
Wabash Valley Correctional Facility
P O Box 1111
Carlisle, IN 47838

Distributed electronically to:

Betsy M. Isenberg
INDIANA STATE ATTORNEY GENERAL
Betsy.Isenberg@atg.in.gov